IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KIRK REDMAN | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No: |
| | ) |
| ECLIPSE MOTORS | ) |
| | ) |
| Defendant. | ) |

## **COMPLAINT**

## I.    INTRODUCTION

1.  This case is about a 2006 Honda Pilot which Defendant Eclipse Motors advertised as having  been driven 163,000 miles. When Kirk Redman purchased the vehicle on May 31, 2023, the mileage displayed on the odometer matched the advertising. Unknown to Redman, just two weeks prior, on May 16, 2023, Eclipse bought the Honda with 295,528 miles.

2.  After experiencing numerous and costly mechanical issues on the vehicle, in October 2024, Redman obtained a CarFax history report on the vehicle that indicated the prior mileage of 295,528 miles. This was confirmed through title records obtained from the Alabama Department

of Revenue which also show that Redman's signature was forged on the back of the prior Georgia title, which stated the vehicle had 295,528 miles on May 16, 2023, when it was purchased by Eclipse. <u>See</u> Exhibit A, "Georgia title, reverse side."

3.  The 2006 Honda is old enough that the Federal Odometer Act, 49 U.S.C. § 32701 does not require a formal milage disclosure[1]. However, under the Act, being "exempt" from providing a disclosure doesn't mean one is also exempt from liability for fraud. Regardless of the age of the vehicle, the Federal Odometer Act prohibits tampering with, or improperly replacing or resetting, an odometer to a lower mileage. See 49 U.S.C. §§ 32703 and 32704. Not only did Eclipse "roll-back" the odometer and fail to make proper disclosures of the roll-back, Eclipse represented the vehicle to Redman as having approximately 140,000 miles less than it actually had.

4.  Plaintiff Kirk Redman brings this action pursuant to the Federal Odometer Act, Alabama statutory law, and Alabama common law claims to recover damages for Eclipse's conduct in either rolling back or

---

[1] See 49 C.F.R. § 580.17(a)(3)

replacing the odometer to make a high mileage car look like a low mileage car, and Eclipse's false advertising, fraud and forgery.

5.  Plaintiff, Kirk Redman ("Redman"), is an individual, over the age of nineteen and a resident of Montgomery County, Alabama.

6.  Defendant Eclipse Motors has a principal place of business located in Montgomery County, Alabama, at 101 E South Blvd, Montgomery, Alabama 36105.

## II.    JURISDICTION

7.  This is not a diversity action. Jurisdiction is proper under 28 U.S.C §1331 and given to district courts for "all civil actions arising under the Constitution, laws, or treaties of the United States." Such federal question jurisdiction may arise from the initial pleading or from subsequent motions, pleadings or other papers where the federal question is first able to be ascertained. 42 U.S.C. 1446(b).

8.  Federal question jurisdiction arises from the initial pleading and Plaintiff's assertions for violations of the Federal Odometer Act, 49 U.S.C. §32701 et seq.

9.  This Court has supplemental jurisdiction over related Alabama State law claims arising out of the same nucleus of fact which give rise to Plaintiff's federal question claims. 28 U.S.C. §1367.

### III.  VENUE

10. Venue in this District is proper pursuant to 28 U.S.C. §1391 (b) and (c) because Eclipse conducts business and/or maintains its principal place of business in the Middle District of Alabama, Plaintiff and Defendant entered into contracts within the Middle District of Alabama, and the wrongful conduct from which Plaintiff's claims arise occurred within the Middle District of Alabama.

### IV.  FACTS

11. On or about May 31, 2023, Plaintiff Kirk Redman, hereinafter "Redman," traveled to Eclipse Motors, in Montgomery, Alabama, to investigate the purchase of a 2006 Honda Pilot vehicle he had seen advertised on Facebook Marketplace.

12. Relying upon the mileage representation, and other representations made by Eclipse, Redman entered into a contract with Eclipse to purchase the Honda Pilot on May 31, 2023. Prior to the sale, Redman

observed that the vehicle's odometer reading was substantially the same as the advertisement.

13.    At the time of purchase Eclipse represented to Redman that the vehicle had 163,000 total miles. <u>See</u> Exhibit B, "Advertisement."

14.    Eclipse used its authority as a designated titling agent for the Alabama Department of Revenue to apply for a vehicle title in Redman's name for the vehicle.

15.    Title records obtained from the Alabama Department of Revenue include the Georgia Certificate of Title by which Eclipse obtained the title to the Honda.  See Exhibit A.

16.    The reverse side of the Georgia Certificate of Title states that the prior owner sold the vehicle to non-party Atlanta Toyota on April 18, 2023, with an odometer reading of 295,527 miles.

17.    The reverse side of the Georgia Certificate of Title states that Eclipse purchased the vehicle on May 16, 2023, with an odometer reading of 295,528 miles.

18.    The reverse side of the Georgia Certificate of Title indicates the

transfer to Redman in the "2nd DLR. ASSIGNMENT" section. This lists the odometer reading as "Exempt." The initials "KR" and printed name of "KIRK REDMAN" were not signed or made by Redman and are a forgery.

19.    Eclipse misrepresented the vehicle's true mileage to Redman. Redman was never shown the Georgia Certificate of Title which stated the vehicle's true mileage. Eclipse did this for the purpose of deceiving Redman as to the true mileage and selling the vehicle for more than it was actually worth.

20.    Through information and belief, Eclipse's actions as to its false advertising, alterations and rolling back of odometers, and failing to follow state titling laws and procedures, are part of Eclipse's regular and customary pattern and practice of doing business.

21.    Redman has been financially damaged by the significant diminution of the vehicle's value due to the vehicle's altered odometer.

22.    Redman would never have purchased the vehicle at all if he had known the mileage was not as represented by Eclipse. These facts were known to Eclipse, but were hidden and suppressed from Redman by

Eclipse.

23.    As a proximate result of Eclipse selling Redman a vehicle with misrepresented mileage, Redman suffered damages, including, but not limited to the cost of the vehicle, costs of maintenance and repair, costs of insurance, costs to purchase a replacement vehicle because of the extreme costs to repair the Honda, mental anguish, emotional distress, and costs of this action.

## V. CAUSES OF ACTION

24.    Plaintiff's claims are pled in the alternative pursuant to, and as permitted by, Fed.R.Civ.P.Rule 8(d).

## COUNT ONE: VIOLATIONS OF THE FEDERAL ODOMETER ACT, 49 U.S.C. § 32701 et seq

25.    Plaintiff hereby incorporates and adopts each of the above and foregoing factual allegations in paragraphs 1-24 as if fully set forth herein.

26.    The Federal Odometer Act (the "Act"), also known as the Motor

Vehicle Information and Cost Savings Act, codified at 49 U.S.C. 32701 *et seq*, was enacted, in part, because Congress recognized that "buyers of motor vehicles rely heavily on the odometer reading as an index of the condition and value of a vehicle;" and "buyers are entitled to rely on the odometer reading as an accurate indication of the mileage of the vehicle." Id. The purpose of the Act is to "prohibit tampering with motor vehicle odometers; and [ ] to provide safeguards to protect purchasers in the sale of motor vehicles with altered or reset odometers." Id.

27.    Pursuant to 49 U.S.C. § 32703 Eclipse may not "disconnect, reset, alter or have disconnected, reset or altered an odometer of a motor vehicle intending to change the mileage registered by the odometer."

28.    Under 49 U.S.C. § 32704, if a service, repair or replacement changes the mileage registered by an odometer, Eclipse must attach written notice of the odometer discrepancy to the driver's side door frame of the vehicle.

29.    Eclipse, acting in concert and/or individually, willfully, and with

the intent to defraud, violated the Federal Odometer Act in one or more of the following respects which are pled in the alternative pursuant to Fed.R.Civ.P. Rule 8(d):

    a.   Eclipse altered, reset, and or otherwise caused the odometer on the Honda Pilot vehicle to register approximately 140,000 miles less than the vehicle actually had been driven;

    b.   Eclipse violated 49 U.S.C. § 32704 by failing to attach written notice of the odometer alteration and/or discrepancy to the vehicle's driver side door frame;

    c.   Eclipse specifically and intentionally, hid the fact of the vehicle's true mileage from Redman by withholding and suppressing the vehicle's Georgia Certificate of Title.  Eclipse then forged Redman's name and initials on the Georgia Certificate of Title to make it appear that he had signed it;

    d.   Eclipse has otherwise violated the Federal Odometer Act, or a regulation prescribed, or order issued under the Act.

30.   As a result of the above violations of the Federal Odometer Act, Eclipse is liable to Redman pursuant to 49 U.S.C. § 32710 for the greater of three-times actual damages or $10,000.00, attorneys' fees

and costs, plus punitive damages.

31.    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court will award statutory damages pursuant to 49 U.S.C. § 32710, including the greater of $10,000.00 or treble actual damages, plus attorneys' fees, and costs of this proceeding.

## COUNT TWO: FRAUD AND SUPPRESSION

32.    Plaintiff incorporates by reference all facts and allegations set forth in paragraphs 1-24 as if fully set forth herein.

33.    On or about May 31, 2023, Eclipse fraudulently advertised the Honda Pilot on Facebook and the internet as having only 163,000 miles.

34.    On or about May 31, 2023, while at Eclipse's place of business and during the sales transaction with Redman for the Honda Pilot, Eclipse, by and through its owners, employees, and/or agents, represented to Redman that the vehicle had 163,000 miles. At all times, Eclipse knew the vehicle was previously titled as having 295,528 miles.

35.    Eclipse forged Redman's signature to the reverse side of the

Georgia title in furtherance of its misrepresentations to Redman and to prevent Redman from learning of the false representations and with intent to defraud. See Exhibit A.

36.    Redman reasonably relied on the foregoing representations by, including, but not limited to, purchasing the Honda vehicle and paying monies to Eclipse.

37.    The above representations by Eclipse were false. Eclipse knew they were false and intentionally made said representations, recklessly made said representations or negligently and/or innocently made said representations, thereby causing Redman to reasonably rely upon them.

38.    As a proximate result of the conduct of Eclipse, Plaintiff Redman was caused to suffer loss of monies, incidental and consequential damages, including, but not limited to: a) the purchase price of the vehicle; b) interest; c) costs of repair and maintenance; d) severe mental anguish, emotional distress and anxiety.

39.    WHEREFORE, PREMISES CONSIDERED, Redman prays that the Court will award damages to compensate Redman for his loss of monies, incidental and consequential damages, severe mental anguish

and emotional distress, attorney's fees and costs of this proceeding, as well as punitive damages to deter such conduct in the future.

## COUNT THREE: WANTONESS

40.    Plaintiff incorporates by reference all facts and allegations set forth in paragraphs 1-24 as if fully set forth herein.

41.    Eclipse had a duty not to be wanton in regard to its dealings with Redman, in altering the odometer on the Honda Pilot vehicle and in its advertising as to mileage on the vehicles it sells.

42.    Eclipse had a duty not to represent its description of the vehicle as having 163,000 miles when Eclipse knew the vehicle actually has more than 295,000 miles.

43.    Eclipse had a duty not to forge Redman's signature, including in violation of Ala.Code § 13A-9-1 *et seq* and § 13A-8-190 *et seq*.

44.    Eclipse, as a licensed motor vehicle dealer, and as a designated title agent for the State of Alabama Department of Revenue to process titles, was aware of its duties relative to odometer disclosures and transfer of title for motor vehicles.

45.    Eclipse was conscious from its knowledge of the true mileage of the vehicle that injury would likely or probably result from its conduct in its transaction with Redman, and that with reckless indifference to consequences, Eclipse consciously and intentionally did wrongful acts or omitted some known duty which produced injury to Redman.

46.    Eclipse was wanton in at least the following respects:

a.  Forging Redman's signature on a certificate of title in violation of Ala.Code § 32-8-12, § 13A-9-1 et seq and § 13A-8-190 et seq.

b.  Altering or resetting the odometer on the vehicle in violation of 49 U.S.C. §§ 32703 and 32704.

c.  Advertising the vehicle as having 163,000 miles when Eclipse knew the vehicle was previously titled as having 295,528 miles;

d.  Failing to institute appropriate policies and procedures to comply with the Alabama Uniform Certificate of Title and Antitheft Act, Ala.Code 32-8-1 *et seq* for odometer disclosures and proper transfer of title for motor vehicles;

e.  Failing to institute policies to comply with the Federal Odometer

Act, 49 U.S.C. § 32701 *et seq* and 49 C.F.R. § 580.1 *et seq* regarding the alteration and disclosure of alteration on the vehicle.

f. Misrepresenting and suppressing the true mileage of the automobile.

47.   Redman suffered actual damages proximately caused by Eclipse's wanton conduct.

48.   Eclipse's conduct constitutes wantoness per se. Redman is within the class of persons of which Alabama and Federal statutes are intended to be protected by the statutes Eclipse violated.

49.   Redman has been, and will continue, to be financially damaged by the diminution in or elimination of the vehicle's value due to the previous owner and damage. Due to Eclipse's suppression of the true facts, true mileage and its intentional, reckless, and wanton failure to inform Redman of the true nature and condition of the vehicle, Redman has and will continue to be damaged.

50.   Eclipse's actions as herein described were reckless, outrageous, willful, and wanton, thereby justifying the imposition of exemplary,

and punitive damages.

51.    WHEREFORE, Plaintiff demands judgment against the Defendants in an amount this Court may determine to compensate the Plaintiff for economic loss including incidental and consequential damages, severe mental anguish and emotional distress, together with all damages, including interest, costs, and exemplary damages, attorneys' fees and such equitable relief as the Court may find appropriate.

<u>COUNT FOUR: NEGLIGENCE</u>

52.    Plaintiff incorporates by reference all facts and allegations set forth in paragraphs 1-24 as if fully set forth herein.

53.    Eclipse owed Plaintiff a duty of reasonable care as well as a duty not to be negligent in its conduct both before and after the sale and in its representations made to the Plaintiff. Eclipse had a duty not to be negligent in regard to altering, resetting, or disconnecting the Honda vehicle's odometer.

54.    Eclipse had a duty not to falsely advertise the vehicle it sold to Redman. Eclipse had a duty not to forge Redman's signature on the

certificate of title.

55.    Eclipse also had a duty not to be negligent in implementing the laws and regulations of the State of Alabama, including the Uniform Certificate of Title and Anti-Theft Act and the federal government, including the Federal Odometer Act.

56.    Eclipse was, at all times, knowledgeable of the relevant circumstances and facts of its prior purchase of the vehicle, the true mileage of the vehicle, and alterations made to the vehicle that caused the mileage to be changed from the true mileage and its false advertising to Redman and the general public.

57.    Eclipse intentionally hid the fact of the vehicle's true mileage from Redman by withholding and suppressing the vehicle's Georgia Certificate of Title. Eclipse forged Redman's name and initials on the Georgia Certificate of Title to make it appear that he had signed it.

58.    Eclipse, as a licensed motor vehicle dealer and as a designated title agent for the State of Alabama Department of Revenue to process titles, was aware of its duties relative to odometer disclosures and transfer of title for motor vehicles.

59.    Eclipse was conscious from its knowledge of the true mileage of the vehicle and the true condition of the vehicle, that injury would likely or probably result from its conduct in its transaction with Redman. With reckless indifference to consequences, Eclipse consciously and intentionally did wrongful acts or omitted some known duty which produced injury to Redman.

60.    By its conduct, Eclipse breached its duties owed to the Plaintiff, and Eclipse was negligent in at least the following respects:

   a.    Failing to institute appropriate policies and procedures to comply with the Alabama Uniform Certificate of Title and Antitheft Act, Ala.Code 32-8-1 *et seq* for odometer disclosures and proper transfer of title for motor vehicles;

   b.    Failing to institute policies, to comply with the Federal Odometer Act, 49 U.S.C. § 32701 *et seq* and 49 C.F.R. § 580.1 *et seq* regarding the certification of mileage as well as the mandatory and proper disclosures of the mileage on the vehicle;

   c.    Misrepresenting the true mileage of the automobile.

61.    Redman suffered actual damages proximately caused by Eclipse's negligent conduct. Due to Eclipse's negligence, Redman has and will continue to be damaged.

62.    WHEREFORE, Plaintiff demands judgment against the Defendants in an amount this Court may determine to be fair, to compensate the Plaintiff for economic loss including incidental and consequential damages, severe mental anguish and emotional distress, together with all damages, including interest, costs, and exemplary damages, attorneys' fees and such equitable relief as the Court may find appropriate.

## COUNT FIVE: BREACH OF EXPRESS WARRANTIES

63.    Plaintiff hereby incorporates and adopts each of the factual allegations contained in paragraphs 1-24 as if fully set forth herein.

64.    Prior to the sale, Defendant offered express warranties on the vehicle including, but not limited to:

    a. The vehicle's odometer reflected the actual mileage and had not been tampered with;

b. The vehicle had been driven only 163,000 miles.

65.    Eclipse breached the express warranties made to Redman in that the odometer had been altered or otherwise obscured the true mileage.

66.    Redman relied upon these express warranties and would not have purchased the subject vehicle had it not been for the representations and assurances made to him by Eclipse.

67.    By its conduct Eclipse and its representatives breached their expressed warranties to Redman thereby causing a substantial impairment to the value of the vehicle.

68.    As a proximate result, Redman was caused to suffer loss of monies, incidental and consequential damages, as well as severe mental anguish and emotional distress.

69.    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays this honorable Court will award damages in an amount deemed appropriate to compensate the Plaintiff for loss of monies, incidental and consequential damages, severe mental anguish and emotional distress, in an amount to be determined by the Court, as well as attorneys' fees and costs of this proceeding.

<u>COUNT SIX: VIOLATION OF THE ALABAMA CONSUMER IDENTITY PROTECTION ACT, Ala.Code § 13A-8-190 *et seq*</u>

70.    Plaintiff hereby incorporates and adopts each of the factual allegations contained in paragraphs 1-24 as if fully set forth herein.

71.    Alabama's "Consumer Identity Protection Act," Ala.Code § 13A-8-190 *et seq*, is part of the Alabama Criminal Code. The Act provides for criminal and civil remedies where a person's identifying information is used to perpetrate a crime.

72.    § 13A-8-192 provides that "a person commits the crime of identity theft if, without authorization, consent or permission of the victim, and with the intent to defraud for his or her own benefit or the benefit of a third person, he or she does any of the following: "(2) Obtains goods or services through the use of identifying information of the victim; (3) Obtains identification documents in the victim's name…" <u>Id</u>.

73.    § 13A-8-191 (2) defines "identifying information" to include, but not limited to, a person's: name, social security number, financial services account numbers, and any other numbers or information that can be used to obtain or act as identification.

74.    Redman is a "victim" as defined under the Consumer Identity Protection Act.

75.    Eclipse forged Redman's signature on a Georgia certificate of title, and possibly other documents, to create a falsehood, perpetrate and carry out its scheme to defraud Redman by purporting to show Redman had signed the certificate of title. Eclipse did this with intent, for its own profit, and for the purpose of defrauding Redman. Eclipse's conduct was carried out in such a way as to have committed the crime of identity theft as defined under the Consumer Identity Protection Act.

76.    § 13A-8-199 provides a civil remedy, in addition to other remedies provided by law, under which the "victim" shall recover the greater of $5000.00 or three-times actual damages for each incident, plus attorney's fees and court costs.

77.    Eclipse is liable to Redman under the Consumer Identity Protection Act for all remedies available to him under the Act.

78.    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court will enter an award/ judgment against Defendant in this action, and award damages in an amount the Court deems appropriate

to compensate Plaintiff, for his loss of monies, incidental and consequential damages, severe mental anguish and emotional distress, as well as attorney fees and costs of this proceeding, and punitive damages to deter such conduct in the future.

Respectfully submitted on this the 10th day of June, 2025.

Thomas C. Donald (ASB-6795-A47D)
Michael E. Parrish
Alabama Car Lawyers, LLC
231 Twenty Second Street South, Suite 203
Birmingham, Alabama 35233
Phone (TCD): 205 985 2309
Phone (MEP): 205 547 5747
cdonald@alabamacarlaw.com·
mparrish@alabamacarlaw.com